```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      NORTHERN DIVISION


CHARLES YOUNG,                     :

     Plaintiff,                    :

vs.                                :
                                        CIVIL ACTION 05-0504-M
JO ANNE B. BARNHART,               :
Commissioner of
Social Security,                   :

     Defendant.                    :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (SSI).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 16).  Oral argument was heard on March 15, 2006.  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richard-*

*son v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born December 4, 1956. At the time of the administrative hearing, Young was forty-eight years old, had completed a high school education (*see* Tr. 20, ¶ 8; Tr. 54),[1] and had previous work experience as a construction laborer (Tr. 127). In claiming benefits, Plaintiff alleges disability due to arthritis/bursitis, hypertension, and mild mental retardation (Doc. 9).

The Plaintiff filed an application for SSI on October 23, 2003 (Tr. 48-49). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Young could not perform his past relevant work, he could perform unskilled, light to sedentary work with a sit/stand option (Tr. 18; *see generally* Tr. 8-20). Plaintiff requested review of the hearing decision (*see* Tr. 3) by the Appeals Council, but it was denied (Tr. 4-6).

Plaintiff claims that the opinion of the ALJ is not

---

[1]Though Plaintiff testified at the hearing that he had only finished the ninth grade (Tr. 122), he had previously told the Social Security Administration that he had completed high school (Tr. 54).

supported by substantial evidence.  Specifically, Young alleges that:  (1) He meets the requirements of Listing 12.05C; (2) the ALJ incorrectly determined his residual functional capacity; (3) the ALJ did not develop the record; and (4) the ALJ did not properly consider his complaints of pain (Doc. 10).  Defendant has responded to—and denies—these claims (Doc. 11).

Plaintiff claims that he meets the requirements for Listing 12.05C.  The introductory notes to Section 12.05 state that "[m]ental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the development period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22."  20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05 (2004).  Subsection C requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."  20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05C (2005).

On September 2, 2004, Psychologist Donald Blanton examined Young and administered several psychological tests (Tr. 102-07).  On the Wechsler Adult Intelligence Scale-III, Plaintiff scored a Verbal IQ of 71, a Performance IQ of 68, and a Full Scale score of 67, placing him in the mild range of mental retardation.  On the Wide-Range Achievement Test (Revised III), Young was found to have a fourth-grade level ability to read, spell, and perform

arithmetic. On the Beck Depression Inventory II, Plaintiff was determined to be moderately depressed. Blanton stated that he thought these scores were a valid assessment of his abilities. Accompanying the Psychologist's medical notes was a form in which he indicated his opinion that Young was markedly limited in his ability to understand, remember, carry out, or use judgment in detailed or complex instructions, respond to customary work pressures, or maintain attention, concentration or pace for periods of at least two hours (Tr. 106).

The ALJ faithfully recorded Blanton's opinions (Tr. 14), but gave little weight to them as he had only seen Young once, his opinions were unsupported by his own evaluation and seemed to be based on Plaintiff's own subjective complaints (Tr. 15). The ALJ went on to note the absence of any prior history of mental illness and Young's adaptive functioning which he characterized as "significantly higher" than that of someone suffering from mental retardation (Tr. 17-18).

The Court has reviewed the skimpy evidence of record and finds that the ALJ's conclusions are supported by substantial evidence. There is no mention of mental retardation in the record until Blanton tests for it; even on the form seeking benefits, Plaintiff fails to list mental retardation or impediment as a basis for disability (Tr. 51). Additionally, Plaintiff's work history demonstrates that he functions at a higher level than he, apparently, tests academically and

intellectually (*see, e.g.*, Tr. 52).  The Court finds no error in the ALJ's rejection of Blanton's opinions and in rejecting Young's claim that he meets the requirements of Listing 12.05C.

Plaintiff next claims that ALJ incorrectly determined his residual functional capacity (hereinafter *RFC*).  Young's argument is based on the opinions of Dr. Judy Cooke Travis which were rejected by the ALJ (Doc. 10, pp. 2-3).  The Court notes that the ALJ is responsible for determining a claimant's RFC.  20 C.F.R. § 404.1546 (2005).

Dr. Travis is the closest thing Young has to a treating physician, having been examined three times over the course of fourteen months.  On November 13, 2003, the doctor saw Plaintiff for complaints of left knee pain; the mostly-illegible records indicate that Travis gave Young samples of Diovan[2] to take for high blood pressure (Tr. 97).

The doctor examined Plaintiff again on January 14, 2004, during which she noted that he was in no acute distress and walked with a cane, though it appeared to be unnecessary (Tr. 98-101).  Travis noted, essentially, full range of motion in the upper and lower extremities though he was unable to perform heel-to-toe testing.  There was no decreased mobility in the lumbar spine; he was unable to squat.  Because of the weakness in his legs, Travis indicated that Young would have difficulties in

---

[2]*Diovan* is used to treat hypertension.  *Physician's Desk Reference* 1841-43 (52nd ed. 1998).

performing "extended standing, walking, lifting, carrying and traveling" (Tr. 101).

A little more than a year later, Plaintiff again saw Travis for the pain in his knees (Tr. 108). The evidence does not demonstrate that the doctor actually performed a physical examination though she gave him samples of Diovan and Celebrex. Dr. Travis completed a physical capacities evaluation in which she indicated that Young was capable of sitting one hour, standing thirty minutes, and walking twenty minutes at a time; he could sit five hours, and stand and walk one hour each during an eight-hour day (Tr. 109). The doctor further indicated that Plaintiff could lift up to five pounds frequently and fifty pounds occasionally; he could carry five pounds frequently and up to twenty-five pounds occasionally. Young was capable of simple grasping continuously, pushing and pulling of arm controls frequently, and fine manipulation only occasionally; he could only occasionally push and pull leg controls. Dr. Travis further indicated that Plaintiff could only occasionally stoop, crouch, kneel, crawl, climb, balance, and reach overhead (Tr. 110). The doctor indicated that Plaintiff had suffered these limitations for over a year.

Dr. Travis also completed a pain assessment form in which she stated that Plaintiff's pain would distract him from adequately performing his daily activities and that physical activity would increase his pain to a degree as to be distracting

or cause total abandonment of a task (Tr. 111).  Pain would limit Young's effectiveness; Dr. Travis indicated that there was little prognosis for improvement (Tr. 112).

The ALJ summarized all of this evidence (Tr. 12-14), but gave little weight to her opinions as they were inconsistent with her own clinical findings (Tr. 15).  Without repeating all of the ALJ's findings, the Court notes the wide disparity in the examinations of January 14, 2004 and January 25, 2005 (Tr. 98-101; *cf.* Tr. 108-12); in the former, the medical evidence demonstrates a patient in no acute distress with full range of abilities while the latter describes, with no medical evidence to support it, a person of very limited capabilities.  The Court finds that the ALJ properly rejected Dr. Travis's conclusions of extreme limitation and properly made his determination of Young's RFC based on Travis's January 14, 2004 evaluation.

Plaintiff has also claimed that the ALJ failed to develop a full, fair record.  More specifically, Young argues that the ALJ improperly rejected the conclusions of Dr. Travis from January 2005 and erred in not requiring a physical capacities evaluation at the time of the 2004 examination (Doc. 10, pp. 3-6). The Eleventh Circuit Court of Appeals has required that "a full and fair record" be developed by the Administrative Law Judge even if the claimant is represented by counsel.  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

The Court has already rejected Plaintiff's assertion that

the ALJ improperly rejected Dr. Travis's conclusions from her January 2005 examination and will not repeat that discussion.  As for the second assertion, while it is true that Dr. Travis should have completed a physical capacities evaluation as a part of her January 2004 consultative evaluation, *see* 20 C.F.R. § 416.919n(c)(6) (2005), the Court finds that the examination, in other respects, was complete.  Specifically, Dr. Travis measured range of motion in the extremities, noted normal mobility in the lumbar spine, and noted vision and neurological deficits; Travis also expressed the opinion that Young had some limitations as far as standing, walking, lifting, and carrying (Tr. 98-101).  Though the medical notes from that examination did not state Plaintiff's specific abilities, they provided a well-balanced assessment of Young's health from which the ALJ could determine his RFC at that time.  This Court finds that that assessment was supported by substantial evidence.  Plaintiff's claim otherwise is without merit.

    Young's final claim is that the ALJ did not properly consider his complaints of pain.  The standard by which the Plaintiff's complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged

pain."  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). The Eleventh Circuit Court of Appeals has also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence."  *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986).

Young testified at the hearing that he suffers pain at seven or eight on a scale of zero through ten (Tr. 123).  The pain throbs all the time, even with medications (Tr. 123-24).  It is necessary for Plaintiff to lie down two or three hours during the day, every day (Tr. 124).  Young stated that he could not walk without a cane and could walk only a block with it; he could only stand for three or four minutes and sit for ten minutes (Tr. 125).  Additionally, he was unable to sweep, mop, wash dishes, cook, or run short errands (Tr. 126).

The ALJ reported Plaintiff's testimony (Tr. 16), but discounted it as inconsistent with the other medical evidence of record (Tr. 16-18).  Without recounting the inconsistencies herein, the Court notes that the ALJ has set out specific instances of Young's mistaken notions of the truth.  The Court

finds that there is substantial evidence to support the ALJ's conclusion that Plaintiff's pain and limitation are less than he alleges.

Young has raised four different claims in bringing this action.  All are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will ben entered by separate order.

DONE this 16th day of March, 2006.

> s/BERT W. MILLING, JR.
> UNITED STATES MAGISTRATE JUDGE